UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JUSTIN NICCOLLS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No.:   23-3210-CSB-EIL |
| ) | |
| ) | |
| **SANGAMON COUNTY SHERIFF'S** ) | |
| **OFFICE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

<u>**REPORT AND RECOMMENTAION**</u>

**ERIC I. LONG, U.S. Magistrate Judge:**

This cause is before the Court following a telephonic status conference.

On May 13, 2024, the Court reset this case for a telephonic status conference to occur on May 16, 2024. Plaintiff did not appear at that telephonic status conference.

On May 16, 2024, the Court set another telephonic status conference to occur on June 20, 2024. Plaintiff did not appear at that telephonic status conference either.

Finally, the Court has received several pieces of mail returned to it as being undeliverable that the Court has sent to Plaintiff. Apparently, the address that Plaintiff has provided to the Court and that the Court has on file for Plaintiff is not correct or current.

Accordingly, the Court recommends that the District Court dismiss this case for want of prosecution under Federal Rule of Civil Procedure 41 and for failure to comply

1

with Local Rule 16.3(K)'s requirement that Plaintiff keep the Court apprised, in writing, of his current address during the pendency of his case.

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.* The United States Court of Appeals for the Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior. The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *3 Penny Theater Corp. v. Plitt Theaters, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987)(internal quotations omitted).

In addition, Rule 16(f) authorizes the Court to sanction a party who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. Pro. 16(f)(1)(C). And, the Rule further states that the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," in the face of such noncompliance.

Here, Plaintiff has failed to prosecute this case that he filed. Plaintiff has failed to satisfy certain deadlines imposed upon him by the Court, most notably the requirement or deadline that he appear and participate in any and all conferences scheduled by the Court. Plaintiff has failed to appear at two conferences scheduled by the Court, which indicates that he no longer wishes to proceed in this litigation.

Furthermore, Local Rule 16.3(K) requires every *pro se* plaintiff to inform the Court of any change of address that occurs during the pendency of his case. Failure to comply with this Local Rule results in the dismissal of the case. *Id*.

As noted *supra*, the Court has received mail that it has sent to Plaintiff returned as undeliverable. As of today, Plaintiff has not provided his new, current address with the Court, in writing, as required by Local Rule 16.3(K). Accordingly, the Court recommends that the District Court also dismiss this case based upon Plaintiff's failure to comply with Local Rule 16.3(K).

**IT IS, THEREFORE, ORDERED:**

**1.     For the reasons discussed above, the Court recommends that the District Court dismiss this case for want of prosecution under Federal Rule of Civil Procedure 41 and for failure to keep the Court apprised of his current address, in writing, as required by Local Rule 16.3(K).**

**2.     The Parties are advised that any objection to this Report and Recommendation must be filed—in writing—with the Clerk of the Court within fourteen (14) days after being served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1).**

**3.     Failure to object will constitute a waiver of objections on appeal.** *Video Views, Inc. v. Studio 21, Ltd.*, **797 F.2d 538, 539 (7th Cir. 1986).**

Entered this 20th day of June, 2024

                                            /s Eric I. Long
                                             ERIC I. LONG
                                     UNITED STATES MAGISTRATE JUDGE